Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| FRANKLIN CREDIT MANAGEMENT CORPORATION<br><br>Recurridos<br><br>v.<br><br>FÉLIX DANIEL RODRÍGUEZ SCHMIDT Y OTROS<br><br>Peticionarios | TA2025CE00129 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. CG2019CV02225<br><br>Sobre: Cobro de Dinero – Ordinario y otros |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de agosto de 2025.

La parte peticionaria, Félix Daniel Rodríguez Schmidt, Wanda Grandome Godreau y la Sociedad Legal de Gananciales compuesta por ambos, comparece ante nos y solicita nuestra intervención para que dejemos sin efecto la determinación emitida por el Tribunal de Primera Instancia, Sala de Caguas, el 15 de mayo de 2025, notificada el 21 de mayo de 2025. Mediante la misma, el foro *a quo* declaró *No Ha Lugar* una moción de desestimación presentada por la parte peticionaria, y ordenó la continuación de los procedimientos.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

## I

Tras múltiples trámites procesales ante el Tribunal de Primera Instancia, el 21 de marzo de 2022 la parte peticionaria presentó una solicitud de desestimación, en la cual planteó que la acción de título debía ser desestimada por el incumplimiento de la Ley Núm. 184 -

2012, según enmendada mediante la Ley Núm. 38 – 2019, 32 LPRA sec. 2881 *et seq.,* y de la Ley Núm. 169 - 2016, 32 LPRA sec. 2891 *et seq.*

El 22 de abril de 2022 la entidad recurrida, Franklin Credit Management Corporation, presentó su oposición a la misma. Por entender que era necesaria la celebración de una vista evidenciara para dirimir la controversia ante su consideración, el Juzgador señaló la audiencia para el 7 de abril de 2025.

Luego de evaluada la prueba presentada durante el curso de la vista evidenciaria, el Tribunal de Primera Instancia concluyó que la parte peticionaria no logró controvertir la presunción de buena fe que permea en nuestro ordenamiento jurídico. Según se dispuso en el dictamen recurrido, la parte peticionaria se limitó a presentar evidencia de una solicitud de mitigación de pérdidas, en la cual expresó su intención de conservar la propiedad y suministró información relacionada con su capacidad económica. Como resultado de la evaluación de la información provista, la entidad recurrida le ofreció a la parte peticionaria un plan de pago, modalidad que constituye una alternativa de retención de la propiedad, ya que entendió que esta contaba con la capacidad económica requerida.

Así pues, por entender que la prueba presentada por la parte peticionaria se circunscribió a su disconformidad con la alternativa de mitigación de pérdidas que le fue aprobaba, conforme a la información suministrada, el 15 de mayo de 2025 el Tribunal de Primera Instancia emitió la determinación recurrida, mediante la cual declaró *No Ha Lugar* la solicitud de desestimación y ordenó la continuación de los procedimientos.

Inconforme, el 4 de junio de 2025 la parte peticionaria presentó una moción de reconsideración, petición que fue denegada mediante Orden notificada el 12 de junio de 2025.

Aún en desacuerdo, la parte peticionaria presentó el recurso de epígrafe, en el cual planteó los siguientes errores:

> Erró el TPI al resolver que la recurrida no actuó de mala fe en los procesos de mitigación de pérdidas y mediación compulsoria.

> Erró el TPI al denegar la admisión de evidencia documental sobre los procesos de mitigación y mediación compulsoria en la vista para determinar si la recurrida actuó de mala fe.

> El TPI excedió sus funciones judiciales al convertirse en juez y parte al objetar o promover la objeción de documentos ofrecidos en evidencia y obstruir la presentación de la prueba adjudicando controversias sobre admisibilidad de forma errónea.

Luego de evaluado el expediente ante nuestra consideración, así como la transcripción de la vista evidenciaria celebrada el 7 de abril de 2025, estamos en posición de disponer del asunto en controversia, a la luz de la norma aplicable.

## II

Sabido es, que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera*

*Figueroa v. Joe's European Shop*, 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, págs. 68-69, 215 DPR ___ (2025).

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo

del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).

### III

Al entender sobre la totalidad de los documentos que componen el expediente de autos, así como la transcripción de los procedimientos de la vista evidenciada celebrada el 7 de abril de 2025, no advertimos ningún criterio jurídico particular que justifique dejar sin efecto la determinación recurrida. Nada nos sugiere que, en el ejercicio de sus facultades, el Juez del foro de origen haya incurrido en error o en abuso de la discreción que le asiste, de modo que se haga meritorio que soslayemos la norma de abstención judicial que, en dictámenes como el de autos, regula el ejercicio de nuestras funciones. A nuestro juicio, el pronunciamiento en cuestión es producto del adecuado ejercicio de las facultades que le asisten al Juzgador de Primera Instancia en la materia que atendemos, por lo que, ante ello, no resulta preciso que intervengamos.

Por tanto, en virtud de lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* resolvemos no expedir el auto que nos ocupa.

### IV

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones